## ARGUED AND DETERMINED IN THE

# SUPREME COURT

### OF THE

# STATE OF LOUISIANA.

WESTERN DISTRICT—OCTOBER TERM, 1829.

*MEAD vs. CURRY.*

<div style="margin">

West'n. District.
*October*, 1829.

MEAD
*vs.*
CURRY.

An action does not lie against a co-partner, for any sum paid for the partnership, or funds placed in it, till after a settlement.

A suit for a specific sum, cannot be considered as one for a settlement, even when there is a prayer for general relief.

The defendant may take advantage of this, by an exception filed during the trial.

</div>

APPEAL from the sixth judicial district, the judge of the seventh presiding.

MATHEWS, J. delivered the opinion of the court. This is a suit brought by one partner against another, to recover from the latter the amount of funds alleged to have been advanced to him by the former, for the purpose of carrying on a trading adventure in the Spanish country, adjacent to the limits of the state of Louisiana; and also to recover one half of the gains or profits made by the traffic, which was conducted by the defendant. The petitioner states a sum, certain both in relation to the amount advanced and one half of the profits arising from the adventure, and prays judgment for both these sums. The defend-

ant, in answering, denies the allegations of the petition, and files an account, exhibiting a state of the transaction at its close. During the progress of the trial, in the court below, his counsel made a peremptory exception to the action, which was sustained by the judge, *a quo*, and the cause dismissed. From this judgment of dismissal, the plaintiff appealed.

In support of the judgment thus rendered, the appellee relies principally on the doctrine, established by cases heretofore decided by this court, viz. that of *Drumgoole vs. The Widow and Heirs of Gardner*, reported in 10 *Martin*, 433, and that of *Faurie vs. Millaudon & al.* found in vol. 3. 476. The present action is very similar in principle, to the case first cited, and does not differ materially from the last. In both these cases, it is explicitly stated, that one partner has no action against another, for any sum paid for the partnership, or any funds placed in it, until a final settlement takes place, &c. In the case now under consideration, a settlement, or rendition of accounts, is not demanded in the petition. The specific prayer is for a sum certain, and it is believed, that the request made, in general terms, for relief, ought not to be al-

MEAD
vs.
CURRY.

lowed to have the effect of changing the nature of the action; neither, in our opinion, can the petition be aided by the answer, with which an account is filed.

The defendant was certainly very tardy in filing his exception, but as it is one founded on law, it must be permitted, in conformity with the 345th article of our Code of Practice. We have looked at the law, cited from the *Curia Philipica*, 109. no. 7, which does not appear in a very great degree to conflict with our decisions, and if it did, must yield to the latter, as being based on commercial law, such as we conceive ought to prevail.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Scott* and ***Boyce*** for plaintiff, ***Johnston*** for defendant.